IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:15-CV-458-Y |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Edward Sanchez, a federal prisoner confined in FCI-Fort Worth, against Rodney Chandler, warden of FCI-Fort Worth, Respondent. No service has issued upon Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I. Factual and Procedural History

On September 11, 2009, pursuant to a plea agreement, Petitioner was sentenced to a term of 135 months' imprisonment in the United States District Court for the Eastern District of Missouri for possession with intent to distribute 50 grams or more of methamphetamine. (United States v. Sanchez, U.S. Pacer, Criminal Docket for Case No. 1:08-cr-00167-SNLJ-1, ECF No. 79.) Petitioner's sentence was enhanced under 21 U.S.C. §

841(b)(1)(B)(viii) based on a prior 1999 state felony-drug conviction.[1]  (Pet., Attach., "Information to Provide Notice of Enhanced Sentence," ECF No. 1.)  On February 2, 2015, applying Amendment 782, the sentencing court granted Petitioner a sentence reduction under 18 U.S.C. § 3582(c)(2) and lowered his sentence to a 120-month term.  (United State v. Sanchez, Criminal Docket for Case No. 1:08-cr-00167-SNLJ-1, ECF No. 110.)  The Eighth Circuit affirmed the reduction.  (*Id.*, ECF No. 119.)

This is Petitioner's third federal habeas petition brought in this Court pursuant to § 2241 claiming he is actually innocent of his sentence. (Pet. 5, ECF No. 1; Pet., Sanchez v. Chandler, Civil Docket for Case No. 4:13-cv-00011-A, ECF No. 1; Pet., Sanchez v. Chandler, Civil Docket for Case No. 4:13-cv-00804-A, ECF No. 1.) The first was dismissed without prejudice to Petitioner refiling it as a motion pursuant to § 2255 in the sentencing court. (Sanchez v. Chandler, Order, Civil Docket for Case No. 1:13-cv-00011-A, ECF No. 10.)  The second was construed as a § 2255 motion and transferred to the convicting court where it was dismissed on November 18, 2013. (Sanchez v. Chandler, Order, Civil Docket for Case No. 1:13-cv-00804-A, ECF No. 9; Sanchez v. United States, Order of Dismissal, Civil Docket for Case No. 1:13-cv-00167-SNLJ,

---

[1]Title 21 U.S.C. § 841(b)(1)(B)(viii) mandates a term of imprisonment of at least ten years if the offense conduct occurred "after a prior conviction for a felony drug offense has become final" as well as a term of supervised release of at least eight years.

2

ECF No. 12.)

In this third petition, Petitioner claims that, based on recent decisions issued by the United States Supreme Court, he is actually innocent of his enhanced sentence because his prior state felony-drug conviction used to enhance his sentence under § 841(b)(1)(B)(viii) was insufficient to support the enhancement. (Pet'r's Mem. of Support 7, ECF No. 2) (citing to *Descamps v. United States,* 133 S. Ct. 2276 (2013); *Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States,* 553 U.S. 137 (2008); *Lopez v. Gonzalez,* 549 U.S. 47, 60 (2006)). Petitioner seeks removal of the sentence enhancement from his "conviction and sentence." (*Id.* at 7.)

II. Discussion

28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] A habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

3

conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner asserts in his § 2241 petition that the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention because his claim was foreclosed by Eighth Circuit case law at the time of his first § 2255 motion. (Pet. 8, ECF No. 1.) However, even assuming Petitioner could satisfy the second requirement, he fails to satisfy the first and third requirements. Petitioner cites no Supreme Court case(s) holding *Descamps, Chambers, Begay,* or *Lopez* retroactively applicable to cases on collateral review, and the Fifth Circuit has held that a claim of actual innocence of a sentence enhancement

4

fails to satisfy the third requirement. *In re Bradford,* 660 F.3d 226, 230 (5th Cir. 2011); *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000). Innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense. *Webber v. Tamez,* No. 4:10-CV-511-Y, 2011 WL 10644145, at *2 (N.D.Tex. Feb. 22, 2011). A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Precedent "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *Reyes-Requena,* 243 F.3d at 901. One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver,* 211 F.3d at 878 (holding that successiveness does not make § 2255 ineffective or inadequate).

Petitioner has not met all three criteria required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003). Because Petitioner's claim does not fall within the savings clause of § 2255(e), it is not

cognizable in a § 2241 petition.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. The Court further DENIES a certificate of appealability because Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241.

SIGNED July 23, 2015.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE